SOMERFLECK & ASSOCIATES, PLLC
148 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone No.: (671) 477-8020
Facsimile No.: (671) 477-8019.

*Counsel for Plaintiff.*

FILED
DISTRICT COURT OF GUAM

SEP 23 2010

JEANNE G. QUINATA
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DERRICK M. GUERRERO,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM CUSTOMS AND QUARANTINE AGENCY,<br><br>Defendants. | CIVIL CASE NO. 10-00023<br><br>**VERIFIED COMPLAINT** |

## I.

### JURISDICTION

1. This action arises under Title VII of the Civil Rights Act of 1964.

2. Jurisdiction over the federal claims is appropriate because on November 24, 2007, Plaintiff filed charges with the Equal Employment Opportunity Commission (hereinafter "EEOC"). On June 28, 2010, EEOC issued Plaintiff a right to sue letter.

## II.

### VENUE

3. This action properly lies in the District Court of Guam because the claim arose in this judicial district.

## III.

### PARTIES

4. Plaintiff **DERRICK M. GUERRERO** is a classified employee at the Guam Customs & Quarantine Agency, a citizen and resident of the United States and Guam, and a person with a disability.

5.  Defendants **GUAM CUSTOMS AND QUARANTINE AGENCY** is an employer, engages in an industry affecting interstate commerce, and employs more than 20 regular employees.

## III.

## FACTS

6.  Plaintiff **DERRICK M. GUERRERO** is employed with the **GUAM CUSTOMS & QUARANTINE AGENCY** (hereinafter referred to as "Customs") since May, 1997.

7.  Since May, 1997, Plaintiff have been employed by the Government of Guam where Plaintiff currently works as a Customs Officer II for the Guam Customs & Quarantine Agency.

8.  In November 2004, Plaintiff was temporarily transferred our of the Maritime Interdiction Task Force (MITF) in the Special Enforcement Division of the Guam Customs & Quarantine Agency.

9.  The Guam Customs & Quarantine Agency has been aware of Plaintiff's Cervical Radiculopathy disability since March 2005.

10. In June 2005, Plaintiff initially submitted a memorandum requesting for reinstatement back into the Marine Interdiction Task Force (MITF). No response was ever given to Plaintiff's request.

11. In July 2006, Plaintiff went on medical leave to have corrective surgery for Plaintiff's Cervical Radiculopathy disability.

12. In September 2006, Plaintiff returned to work at the Guam International Air Terminal. Due to Plaintiff's post operative recovery, Plaintiff was placed on light duty. Plaintiff was assigned to the Customs Central Office under the Inspection and Control Division of Guam Customs & Quarantine Agency.

13. In December 2006, Plaintiff was released by Plaintiff's doctor to return to full unrestricted duty.

14. On April 1, 2007, Plaintiff submitted a memorandum requesting for reinstatement back into the MITF.

15. On April 7, 2007, Defendants informed Plaintiff that Plaintiff would only begin to be considered for reinstatement to the MITF if Plaintiff signed a waiver releasing Defendants from any liability or responsibility should Plaintiff suffer an injury relating to Plaintiff's previous disability while performing Plaintiff's duties within the MITF.

16. On July 13, 2007, Defendants implemented an Agency wide Employee Personnel Data Record form (CQA-58) that mandated all officers were to disclose their personal and medical status to the Agency. The mandate stated that failure to comply would result in disciplinary action against that officer.

17. On September 10, 2007, Plaintiff went on medical leave for stress and headaches.

18. On September 17, 2007, Plaintiff, Defendants and the EEOC mediator met for mediation. Defendants informed the mediator that they did not want to go forward with the mediation pending legal advice for the Guam Attorney General and as not to cause any further liability to Plaintiff's current medical state. Defendants then refused to proceed with the mediation. See Exhibit "A".

19. On September 18, 2007, Defendants issued a memo requiring the relinquishing of Plaintiff's issued firearm.

20. On September 19, 2007, Plaintiff was served this memo and subsequently transferred Plaintiff's firearm via a transfer of property receipt to the Internal Affairs Officers of the Guam Customs & Quarantine Agency. In the memo, the stipulation for the relinquishing of Plaintiff's firearm was due to the Agency's concern for the safety of Plaintiff, Plaintiff's family and the public as a result of the conditions of Plaintiff's medical leave. However, Defendants never afforded Plaintiff an evaluation of Plaintiff's mental state and whether or not Plaintiff really posed any threat to anyone.

21. On or about November 24, 2007, Plaintiff filed a formal charge of discrimination with the EEOC (see Exhibit "B").

///

22. On or About June 28, 2010, the EEOC determined that there was reasonable cause to believe that the Defendants violated and continues to violate Title VII of the Civil Rights Act of 1964 (see Exhibit "C").

23. On June 28, 2010, EEOC issued Plaintiff a right to sue letter (see Exhibit "D").

24. Plaintiff believes that Plaintiff has been discriminated against because of Plaintiff's disability in violation of the Americans with Disabilities Act of 1990.

**WHEREFORE** Plaintiff prays that the Court:

1. Declare Plaintiff is duly qualified for the position in the Maritime Interdiction Task Force (MITF) in the Special Enforcement Division of the Guam Customs & Quarantine Agency;

2. Order the Plaintiff receive back pay from April 9, 2007, the date of the discriminatory practice to March 1, 2010, relative to officers assigned to the MITF that Plaintiff would have received if still assigned to the MITF;

3. Declare that the policies and regulations of the Defendants which discriminate against otherwise qualified persons because of their disability are in violation of the Rehabilitation Act of 1973 and the Americans with Disabilities Act;

4. Defendants be responsible for personal damages, for mental anguish, pain, and punitive damages;

5. Defendants be responsible for Plaintiff's attorney fees and costs; and

6. Such further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this __23__ day of **September, 2010.**

SOMERFLECK & ASSOCIATES, PLLC
*Attorneys for Plaintiff.*

By: _____
DANIEL S. SOMERFLECK, ESQ.

///
///

## VERIFICATION

I, the undersigned, am the Plaintiff in the above-entitled matter; and I declare, under the penalty of perjury, that the foregoing statements are true and correct and to the best of my knowledge, except as to matters which are therein stated on information or belief; and as to those matters I believe them to be true.

**EXECUTED** this 19th day of **August, 2010.**



_____
**DERRICK M. GUERRERO**

# Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3118
TTY (808) 541-3131
FAX (808) 541-3390

Mr. Derrick Guerrero
P.O. Box 9664
Tamuning, Guam 96931

RE: Derrick Guerrero v. Guam Customs and Quarantine Agency
EEOC Charge No. 486-2007-00265

Dear Mr. Guerrero:

The Equal Employment Opportunity Commission has determined that efforts to conciliate this charge as required by the Americans with Disabilities Act of 1990, have been unsuccessful. This letter constitutes the notice required by 1601.25 of the Equal Employment Opportunity Commission's Procedural Regulations which provides that the Commission shall notify the parties in writing when it determines that further conciliation efforts would be futile or non-productive.

No further efforts to conciliate this case will be made by the Equal Employment Opportunity Commission. Accordingly, we are at this time forwarding the case the Department of Justice (DOJ) for possible litigation.

If you have additional questions you may contact DOJ directly at:

United States Department of Justice
Employment Litigation Section
Civil Rights Division
Room 4239
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

If the DOJ decides to bring a civil action under the Americans with Disabilities Act of 1990 ("ADA") you have the right to seek to intervene in such an action. If DOJ decides that it will not bring a civil action under the ADA based on your charge, you will be notified and will receive a Notice of Right to Sue, which will entitle you to sue the respondent under the ADA.

On Behalf of the Commission

9/30/09
Date

Timothy A. Riera
Director

# Exhibit B

| EEOC Form 5 (5/01) | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**AMENDED**<br>486-2007-00265 |

_____ and EEOC
_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Derrick M. Guerrero | (671) 734-3376 | 06-20-1970 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 9664, Tamuning, GU 96931 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| GUAM CUSTOMS AND QUARANTINE | 201 - 500 | (671) 475-6201 |

| Street Address | City, State and ZIP Code |
|---|---|
| Bldg. 13-16A Mariner Ave., Tiyan, GU 96913 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-09-2007    Latest: 04-09-2007

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**AMENDED**

Since May 1997, I have been employed by Government of Guam where I currently work as a Customs Officer I for the Guam Customs & Quarantine Agency.

In November 2004, I was temporarily transferred out of the Maritime Interdiction Task Force (MITF) in the Special Enforcement Division of Guam Customs & Quarantine Agency.

Respondent has been aware of my previous disability since March 2005.

In June 2005, I initially submitted a memorandum requesting for re-instatement back into the Maritime Interdiction Task Force (MITF). No response was ever given to this request.

In July 2006, I went on medical leave to have corrective surgery for my previous disability.

In September 2006, I returned to work at the Guam International Air Terminal. Due to my post operative recovery, I was placed on light duty. I was assigned to the Customs Central office under the Inspection and Control Division of Guam Customs & Quarantine Agency.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| 11/24/07 _Date_     _Charging Party Signature_ | |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **AMENDED**<br>486-2007-00265 |

_____ and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In December 2006, I was released by my doctor to return to full unrestricted duty.

On April 1, 2007, I submitted a memorandum requesting for re-instatement back into the Maritime Interdiction Task Force (MITF).

On April 9, 2007, Respondent informed me that I would only begin to be considered for re-instatement to the MITF if I signed a waiver releasing Respondent from any liability or responsibility if I suffered an injury relating to my previous disability while performing my duties within the MITF.

In May 2007, Respondent conducted an Agency wide mandatory training with regard to a new NON-DISCLOSURE AGREEMENT that they were trying to implement. Respondent did not receive prior approval from the local Attorney General or the Department of Administration. The agreement basically made it unlawful for anyone employed with Guam Customs & Quarantine Agency to disclose any information to anyone outside of the Agency, (example: memos, Agency documents etc....).

On June 20, 2007, Respondent requested employees employed by Customs to fill out the Employee Voluntary Data Record Survey. I subsequently declined to fill out this form. The memo stated that the form is voluntary and that no employee would be subject to any adverse action for not filling out the survey.

On July 13, 2007, Respondent implemented an Agency wide Employee Personnel Data Record form (CQA-58) that mandated all officers were to disclose their personal and medical status to the Agency. The mandate stated that failure to comply would result in disciplinary action against that officer.

On September 10, 2007, I went on medical leave for stress and headaches.

On September 17, 2007, I, Respondent and the EEOC mediator met for mediation. Respondent informed the mediator that they did not want to go forward with the mediation pending legal advice from the Guam Attorney General and as not to cause any further liability to my current medical state. Respondent then refused to proceed with the mediation.

On September 18, 2007, Respondent issued a memo requiring the relinquishing of my issued duty fire arm.

On September 19, 2007, I was served this memo and subsequently transferred my fire arm via a transfer of property receipt to the Internal Affairs officers of the Guam Customs & Quarantine Agency. In the memo, the stipulation for the relinquishing of my fire arm was due to the Agency's concern for the safety of me, my family and the public as a result of the conditions of my medical leave. However, Respondent never afforded me an evaluation of my mental state and whether or not I really pose any threat to anyone.

I believe that I have been discriminated against because of my disability and in retaliation for opposing discrimination, in violation of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>11/24/07<br>Date        Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# Exhibit C

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

Charge No. 486-2007-00265

Derrick M. Guerrero　　　　　　　　　　　　　　Charging Party
P.O. Box 9664
Tamuning, GU 96931

Guam Customs & Quarantine　　　　　　　　　　Respondent
Blg. 13-16A Avenue
Tiyan, GU 96913

## DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), I issue the following determination as to the merits of the subject charge filed under the Americans With Disabilities Act of 1990, as amended ("ADA"). All requirements for coverage have been met.

Charging Party alleges he was denied re-instatement and subjected to different terms & conditions of employment because of his disability. Charging Party further alleges that he was subjected to a prohibited medical inquiry. Lastly, Charging Party also alleges that he was subjected to retaliation for opposing discrimination.

Respondent denies all allegations.

The Commission has determined that there is reasonable cause to believe that Charging Party was denied re-instatement and subjected to different terms & conditions because of his disability. The Commission has also determined that there is reasonable cause to believe that Charging Party was subjected to a prohibited medical inquiry.

No finding is made with regards to Charging Party being retaliated for opposing discrimination.

# Exhibit D



**U.S. Department of Justice**

Civil Rights Division

*Disability Rights Section - NYA*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

June 28, 2010

DJ# 205-91-0

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Derrick M. Guerrero
P.O. Box 9664
Tamuning, Guam 96931

    Re:    EEOC Charge Against: Guam Customs and Quarantine Agency
            EEOC No.: 486-2007-00265
            DJ#: 205-91-0

Dear Mr. Guerrero:

### NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

    It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

    You are hereby notified that conciliation on your case was unsuccessful by the EEOC. <u>You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>

    Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 12117(a).